FILED
U.S. DIST. COURT
EASTERN DISTRICT OF TEXAS

NOV — 7 2014

DAVID J. MALAND, CLERK
BY _____
DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### (TYLER DIVISION)

LINDA GALE JONES

      Plaintiff

vs.

GREG ABBOTT, ATTORNEY GENERAL FOR
THE STATE OF TEXAS in his official and individual
capacity;
WOOD COUNTY TEXAS;
WOOD COUNTY SHERIFF DEPARTMENT, and
also all unidentified associates, directors, staff,
employees, officers, and volunteers in their official
and individual capacities;
BILLY WANSLEY, WOOD COUNTY SHERIFF in
his official and individual capacities;
KILAN POLK, WOOD COUNTY SHERIFF DEPUTY
in his official anD individual capacities;
SAMANTH SELLERS, WOOD COUNTY SHERIFF
DEPUTY, in her official and individual capacities;
ALICE TOMERLIN, WOOD COUNTY JUSTICE OF
THE PEACE, PRECINCT 1,  in her official and
individual capacities;
CLARENCE HOLMES, WOOD COUNTY JUSTICE
OF THE PEACE, in his official and individual
capacities;
BRYAN JEANES, WOOD COUNTY JUDGE in his
official and individual capacities;
JIM WHEELER WOOD COUNTY DISTRICT
ATTORNEY in his official and individual capacities;
JOEY FENLAW WOOD COUNTY ASSISTANT
 DISTRICT ATTORNEY in his official and individual
capacities;
ANGELA  L. HAMMONDS, WOOD COUNTY
ASSISTANT DISTRICT ATTORNEY, in her official
and individual capacities;
KLTV – CHANNEL 7, and also all unidentified
associates, directors, staff, employees, and volunteers
in their official and individual capacities;
RAYCOM MEDIA, and also all unidentified
associates, directors, staff, employees and volunteers
in their official and individual capacities;
TRUE BLUE ANIMAL RESCUE, INC (T-BAR), and

Civil Action No: 6:14cv836 JDL

JURY TRIAL DEMANDED

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

---

~ page 1 of 23  pages

also all unidentified associates, directors, staff,  §
employees, members, supporters, and volunteers in  §
their official and individual capacities;  §
MELANIE DEAETH, PRESIDENT T-BAR, in her  §
official and individual capacities;  §
PAMELA DOUNTAS in her official and individual  §
capacities;  §
JEREMY SMITH, DVM in his official and individual  §
capacities;  §
YANTIS INDEPENDENT SCHOOL DISTRICT, and  §
also all unidentified  associates, directors, staff,  §
employees, and volunteers in their official and  §
individual capacities;  §
DWAYNNE ATTAWAY, PRESIDENT, in his official  §
and individual capacities;  §
CAROL TAYLOR, CONTRACT AGENT, YANTIS  §
INDEPENDENT SCHOOL DISTRICT, in her official  §
and individual capacities;  §
UNIDENTIFED MEDIA and OTHER  §
PARTICIPANTS in their official and individual  §
capacities, to be determined;  §
  §
        **Defendants**  §

## PLAINTIFF's ORIGINAL COMPLAINT

Plaintiff Linda Gale Jones files this complaint against the named Defendants, and in support thereof

alleges the following:

## PRELIMINARY STATEMENT

"The moment the idea is admitted into society that property is not as sacred as the laws of God, and that there is not a force of law and public justice to protect it, anarchy and tyranny commence.  If 'Thou shalt not covet; and 'Thou shalt not steal' were not commandments of Heaven, they must be made inviolable precepts in every society before it can be civilized or made free." ~ *John Adams*

1.      This case is about the anarchy and tyranny wrought when constitutionally guaranteed freedoms

are cast carelessly aside and trampled under the agenda of officials, media, and so called animal

"rescue" groups.   Plaintiff implores this Court to take notice of and protect the inviolable precepts at

jeopardy here because of the Defendants actions in this case.   It is brought under the Fourth, Fifth,

Sixth, Seventh, Eighth, Thirteenth, and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983, and 18 USC § 43 - the AETA -- Animal Enterprises Terrorist Act, challenging Defendants' seizure of property, lack of substantive and procedural due process guaranteed to Plaintiff by the Constitution, the policy and practice of Defendants to engage in terrorism and to convert private property for their own ends through use of the police power of Wood County Sheriff's Department, the judicial power of Wood County, Texas, the judicial power of the State of Texas, and the use of federal non-profit status by private citizens to presume authority.

2.      Plaintiff seeks the recovery of 77 head of livestock animals stolen by Defendants and the resulting damages, along with nominal, compensatory, and punitive damages against all Defendants jointly and severally, and in their official and individual capacities, along with other relief as set forth herein and in the prayer for relief.

## JURISDICTION AND VENUE

3.      This action raises federal questions under the Fourth, Fifth, Sixth, Seventh, Eighth, Thirteenth, and Fourteenth Amendments to the United States Constitution, the Civil Rights Act of 1871, 42 U.S.C. § 1983, and 18 USC 43, the AETA - Animal Enterprises Terrorist Act.

4.      This Court has original jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331 and 1343.

5.      This Court has supplemental jurisdiction under 28 U.S.C. § 1367, over the state causes of action because they are so related to the claims over which the Court has original jurisdiction herein that they form part of the same case or controversy under Article III of the United States Constitution.

6.      This Court has the authority to award the requested declaratory relief under 28 U.S. C. § 2201; the requested damages under 28 U.S.C. § 1343(a)(3); injunctive relief under 28 U.S.C. § 1343(a)(3); and attorneys' fees under 42 U.S.C. §1988.

7.      Venue lies in the Eastern District of Texas ( Tyler, Division) because a substantial part of the acts or omissions which gave rise to this case occurred within this district and division. Venue is thus

proper here pursuant to 28 U.S.C. § 1391.

## PARTIES

**Plaintiff:**

8.      Plaintiff  Linda Hurley – also known as Linda Gale Jones - is an adult individual who is a life

long resident of Wood County, Texas who operates a ranching operation for the purpose of breeding,

developing, raising and selling beef cattle  as well as breeding, raising, training, and selling Paint

horses.

**Defendants:**

9.      Defendant Greg Abbott, the Texas Attorney General,  is the administrative head, who is given

notice of this proceeding wherein Plaintiff avers that a statute of the State of Texas is unconstitutional.

Greg Abbott may be served at Office of the Attorney General, P.O. Box 12548, Austin, Texas 78711-

2548 or Office of the Attorney General, 300 W. 15th Street, Austin, Texas 78701.

10.      Defendant Wood County, Texas is a political subdivision of the State of Texas and may be

served with citation by serving the administrative head of Wood  County, Texas, that is, Wood County

Judge Bryan Jeanes at Wood County Courthouse, 402 S. Stephens, or  P.O. Box 938, Quitman, Texas

75783-0938

11.      Defendant Wood  County Sheriff Department is the law enforcement agency for Wood County

and may be served with citation at 402 S. Stephens, Quitman, Texas 75783.   All unidentified

associates, directors, staff, employees, officers, and volunteers are also considered Defendants and are

being sued in their individual and official capacities.

12.      Defendant Billy Wansley is or was the Sheriff of Wood  County, Texas.  Billy Wansley may be

served with citation at 402 S. Stephens, Quitman, Texas 75783.   The Sheriff of Wood County, Texas

does and is entitled to enforce Texas laws pertaining to animal cruelty.  Defendant Billy Wansley as the

Sheriff of Wood  County, Texas and the Wood  County Sheriff's Department is responsible for and has a

duty to train, provide training to, supervise, monitor, discipline and review the actions of all persons acting under his instructions and authority, including sheriff's deputies and individuals who act in concert with him.  He is being sued in his official and individual capacities.

13.    Defendant Kilan Polk is or was a Deputy for Wood County Sheriff's Department and may be served at 402 S. Stephens, Quitman, Texas 75783. He is being sued in his official and individual capacities.

14.    Defendant Samantha Sellers is or was a Deputy for Wood County Sheriff's Department and may be served at 402 S. Stephens, Quitman, Texas 75783. *He is being sued in *her* official and individual capacities.

15.    Defendant Alice Tomerlin, is or was the Wood County Justice of The Peace, Precinct 1,  and may be served at 402 S. Stephens, Quitman, Texas 75783.

16.    Defendant Clarence Holmes is or was the Wood County Justice of The Peace, Precinct 3. and may be served at 117 East Blackbourn, or P O Box 470  Hawkins, TX 75765-0470.

17.    Defendant Bryan Jeanes was the ~~Hopkins~~ *Wood* County Judge and may be served at 402 S. Stephens, or  P.O. Box 938, Quitman, Texas 75783-0938.  He is being sued in his official and individual capacities.

18.    Defendant Jim Wheeler is or was the Wood County District Attorney and may be served at. Wheeler is responsible for prosecuting animal cruelty cases  as the representative for the State of Texas through District Court.  He is being sued in his official and individual capacities.

19.    Defendant Joey Fenlaw is or was a Wood County Assistant District Attorney and may be served at  402 S. Stephens, Quitman, Texsa 75783

20.    Defendant Angela L. Hammonds is or was a Wood County Assistant District Attorney and may be served at  402 S. Stephens, Quitman, Texsa 75783

21.     Defendant KLTV-7 is a television news company based in Tyler and Longview, Texas and may be served citation at its offices, 1100 Judson Road, Suite 722, Longview, Texas 75801-5156.  All unidentified associates, directors, staff, employees, and volunteers of KLTV-7 are also considered Defendants and are being sued in their official and individual capacities.

22.     Defendant Raycom Media is the parent company for KLTV-7, which conducts business in the State of Texas,  and may be served citation at its offices located at RSA Tower, 20th Floor, 201 Monroe Street, Montgomery, AL 36104.  All unidentified associates, directors, staff, employees, and volunteers of Raycom Media are also considered Defendants and are being sued in their official and individual capacities.

23.     Defendant Joe Terrell on information and belief is managing editor for KLTV – 7 and may be served at 105 Ferguson Street, Tyler, TX 75702 or 1100 Judson Road, Suite 722, Longview, TX 75801.  He is being sued in his official and individual capacities.

24.     Defendant Jena Johnson on information and belief is a reporter for KLTV and may be served citation at 105 Ferguson Street, Tyler, TX 75702 or 1100 Judson Road, Suite 722, Longview, Texas 75801-5156.  She is being sued in her official and individual capacities.

25.     Defendant True Blue Animal Rescue, Inc. (T-BAR) on information and belief, is a non-profit corporation or association and may be served at 10077 FM 1370 Washington, Texas 77880-6305 or P.O. Box 1107 Brenham, TX 77834.  Although this Defendant, including all associates, directors, members and volunteers, have no legal authority to enforce Texas laws pertaining to animal cruelty, they assumed or were granted that authority by Defendant Billy Wansley in this case.  All T-BAR associates, directors, staff, employees, members, supporters, and volunteers are sometimes referred to in this complaint as the "T-BAR Defendants".  All unidentified associates, directors, staff, employees, members, supporters, and volunteers of T-BAR are also considered Defendants and are being sued in their official and individual capacities.

26.     Defendant Melanie DeAeth, on information and belief is the founder and president of "T-BAR" and may be served at 10077 FM 1370, Washington, Texas 77880-6305.  Melanie DeAeth is a private citizen who has obtained Federal non-profit status for T-BAR, her privately held non-profit corporation. She took horses from Jones' farm property.  She is being sued in her official and individual capacities.

27.     Defendant Pamela Dountas on information and belief is an associate, member, and volunteer for T-BAR and other "rescue" organizations, and may be served at 1635 CR 1560, Alba, Texas 75410.  She took horses from Jones' farm property.  She is being sued in her official and individual capacities.

29.     Defendant Jeremy Smith, DVM on information and belief is an associate, member, and volunteer for T-BAR and may be served at Quitman Animal Clinic, 1142 E. Goode Street, Quitman, Texas 75783.  He is being sued in his official and individual capacities.

30.     Defendant Yantis Independent School District, has participated in the scheme used against Platiniff, and may be served at 105 West Oak Street, Yantis, Texas 75497..

31.     Dwaynne Attaway, President, Yantis Independent School District, may be served at  105 West Oak Street, Yantis, Texas 75497.   Mr. Attaway is being sued in his official and individual capacities.

32.     Defendant Carol Taylor is a contract agent of Yantis Independent School District and may be served at 105 West Oak Street, Yantis, Texas 75497.   Carol Taylor is being sued in her official and individual capacities.

33.     Unidentified media and other participants will be added as they are determined.


## FACTUAL ALLEGATIONS

34.     Plaintiff Linda Hurley, also known as Linda Gale Jones, is a life long resident of Wood County, who has raised beef cattle and horses for almost 60 years.   On January 21, 2011, Defendant Alice Tomerlin, Wood County Justice of the Peace, Precinct 1,  issued an Arrest Warrent for Linda Gale

Hurley (Jones). (EXHIBIT No. 1)   Defendant Tomerlin issued the Arrest Warrent on request of

Defendant Wood County Deputy Samantha Sellers.  Plaintiff Hurley was never served with the "Arrest

Warrant" (EXHIBIT No. 1), and had no knowledge of its existence until she appeared in Defendant

Wood County Judge Bryan Jeanes Court on Appeal from the "Order" issued by Defendant Clarence

Holmes, Wood County Justice of The Peace, Precinct 3. (EXHIBIT No. 4).

35.     On January 24, 2011, Defendant True Blue Animal Rescue trespassed onto Hurley's farm

property located at Wood County Road 1960 in Wood County, Texas, and removed Hurley's entire herd

of 27 horses.  Defendant Wood County Deputy Kilan Polk arrived at the CR 1960 location, after

Defendant True Blue Animal Rescue, Defendant Melanie DeAeth, and Defendant Pamela Dountas had

already cut the lock on Hurley's farm gate and trespassed onto Plaintiff Hurley's property.   Defendants

True Blue, DeAeth, and Dountas had no authorization to enter Hurley's property or to start obsconding

with her animals.  Polk arrived with a "Warrant for Seizure" (EXHIBIT NO. 2) which he obtained from

Defendant Justice of the Peace Clarence Holmes, of Precinct 3, over 50 miles away.  Plaintiff Hurley

was never given a copy of this "Warrant For Seizure of Animals" (EXHIBIT No. 2).  Plaintiff Hurley is

a resident of Precinct 1, yet Defendant Polk went 50 miles away to obtain the "Warrant For Seizure"

(EXHIBIT No. 2) from Defendant Clarence Holmes.

36.     On the same day – January 24, 2011 -  Defendant True Blue, DeAeth and Dountas, took 50 head

of pregnant cows from another of Hurley's farm properties located on Wood County Road 1917, which

is approximately 3 miles from the CR 1960 location.  As seen in the "Warrant For Seizure of Animals"

(EXHIBIT No. 2) there is no authorization for removing any animals from the property located at CR

1917. The pregnant cows were stolen by Defendants True Blue. DeAeth and Dountas.

37.     The "Warrant For Seizure of Animals" clearly states that the animals are to be "...held by: True

Blue Animal Rescue (TBAR) until further order of this court."  The animals were immediately taken

outside of Wood County in violation of Texas Code of Criminal Procedure 18.10 and 18.11.

38.     Plaintiff Hurley did not know that all of this was going on.  She found out that her animals had been taken by reading about in the Tyler Morning Telegraph newspaper, and from community members telling her.  Plaintiff Hurley immediately filed a "Theft" report with the Texas Ranger Larry Hand and the Dallas FBI.

39.     On February 2, 2011, Hurley appeared at the Defendant Clarence Holms Justice of The Peace, Precinct 3, court.  The doors were immediately locked.  Defendant Holmes conducted a short hearing. At the conclusion of the hearing, Defendant Holmes issued the "Order To Sell Or Dispose Of Cruelly Treated Animal" (EXHIBIT No. 4).  Defendant Holmes states in the "Order", "...the court finds from the evidence that Linda Hurley the owner of the animals has cruelly treated the animals; it is therefore" Ordered that the Sheriff of Wood County, Texas, take the animals to a nonprofit animal shelter, True Blue Animal Rescue, Brenham, Tx."   Defendant Holmes is a layman non-lawyer, who has constitutional jurisdiction over Class C misdemeanor only,  yet made a finding stating Plaintiff Hurley had cruelly treated the animals, when allegations of animal cruelty are Class A misdemeanor or State Jail Felony.  Defendant Holmes jurisdiction is Class C Misdemeanor only- which carries a penalty of only a monetary fine up to $500., yet Holmes had Hurley arrested and jailed.  Defendant Holmes gave Hurley's 27 horses to Defendant True Blue Animal Rescue.  Defendant Holmes did not issue and "Order" giving Hurley's 50 head of cattle to True Blue or to any other person or entity.  Hurley's cattle were simply stolen.

40.     A layman non-lawyer does not have jurisdiction to take property or liberty from a citizen.   On July 1, 2011, the Texas Supreme Court issued an Opinion in the City of Dallas v. Heather Stewart stating, "We do not believe, however, that a matter of constitutional right may finally rest with a panel of citizens untrained in constitutional law."  Plaintiff Hurley's horses and cattle represent a significant investment of capital, labor, and expertise, along with the fact that these animals had supplied Hurley with her living over several decades.

41.    Plaintiff Hurley obtained a Bond that Defendant Holmes requested, which should have negated the "Order" (EXHIBIT No. 4) and Hurley's animals should have been held in Wood County until a final "Order" was issued.   Hurley appealed the "Order" giving her 27 horses to Defendant True Blue, however, the Wood County Judge Bryan Jeanes is also a layman non-lawyer, who made no ruling, and as a result of the Opinion in the "Heather Stewart" Case,  eventually filed a Motion To Transfer The Case to the District Court. (EXHIBIT No. 6 & 7).

42.    Everything in Defendant Holmes J.P. Court and in Defendant Jeanes County Court was a violation of Hurley's Constitutionally protected rights to lawful Due Process.

43.    The entire mess was finally Dismissed on November 9, 2012, with the dismissal stating, "No Critical Witness Available." (EXHIBIT No. 8)

44.    Copies of the "Warrant For Seizure" (EXHIBIT No. 2) were posted all over Hurley's properties and it was published that Hurley had abandoned her property.  Hurley found that Linda Fisher of Yantis Federal Credit Union was using Hurley's land addresses to make a loan, which Hurley believes is identity theft. (EXHIBIT No. 9)

45.    As a result of all this done to Hurley, Defendant Carol Taylor attempted to put Hurley's land into foreclosure, using someone else's name. (EXHIBIT No. 10)

46.    Hurley has also been declared "dead" by Fred Morrow, Wood County Tax Assessor.


## NOTE TO THE COURT:


47.    Plaintiff Hurley is filing this Complaint to meet the deadline for the Statute of Limitations running out.  Plaintiff Hurley is looking for an attorney to handle this case.  Plaintiff Hurley alleges her animals were taken in violation of her Constitutionally protected rights, as well as in violation of Texas

Health & Safety Code 821, especially 821.023(g), and Texas Code of Criminal Procedure Chapter 18.

48.    Plaintiff Hurley humbly requests that this honorable Court will allow her to file this Complaint, and will allow her to proceed In Forma Pauperis (Motion filed), and will allow her to Amend her Complaint before service to Defendants.


## PRAYER FOR RELIEF

ACCORDINGLY, Plaintiff prays that:

49.    the Plaintiff be granted a trial by jury on all appropriate matters;

50.    upon submission of the case to the trier of fact, that Plaintiff have and recover a judgment for Plaintiff and against Defendants in the amount found by the trier of fact for Plaintiff's damages, including without limitation, the loss of and damage to the horses, lost profits, damages to her business and personal reputation, serious and permanent emotional and mental anguish, continuing duress, punitive damages, pre and post judgment interest, attorney's fees and court costs;

51.    this honorable court order the horses and cattle returned; and

52.    this honorable Court grant such other relief as it deems appropriate.

Respectfully submitted,


by: _Linda Dale Hurley Jones_
Linda Hurley
207 County Road 1739
Yantis, Texas 75497
(903) 383-7877